Rosen, J.,
concurring in part and dissenting in part: I agree with the majority’s conclusion that the prosecutors comments during closing argument did not constitute reversible error. I also agree with the majority that the district court’s use of Pribble s prior convictions to determine his sentence under the sentencing guidelines did not violate his constitutional rights as described in Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). But I disagree with my colleagues’ conclusion that Pribble s convictions for possession of marijuana with no drug tax stamp and possession of methamphetamine with no drug tax stamp are multiplicitous.
The Kansas Drug Stamp Act is a means by which our legislature has attempted to hold accountable those who perpetuate and benefit financially from illegal drug trafficking. This accountability includes a distinction recognizing different levels of taxation based on a drug’s detrimental societal impact, unwittingly capturing the essence of the “The Pusher,” a song made famous years ago by the musical group Steppenwolf. A dealer of marijuana—“A man with the love grass in his hand” is taxed separately and at a significantly lower rate than a pusher—“a monster . . . he’s not a natural man,” who “don’t care if you live ... or if you die,” that being a person who deals in addictive controlled substances. That person is taxed at a rate over 5,000% greater for possessing/selling a controlled substance compared to a possessor/seller of a similar quantity of marijuana. Even comparing the minimum amounts allowable for *840 prosecution, 28 grams for possessing marijuana versus 1 gram for possessing a controlled substance, the tax on a controlled substance is more than double the taxed amount for marijuana.
While I have always questioned the constitutional limitations of such measures, drug stamp laws have withstood constitutional challenges, including the 5th Amendments right against self-incrimination and its prohibition against double jeopardy. State v. Jenson, 259 Kan. 781, Syl. ¶ 2, 915 P.2d 109 (1996); see, e.g., State v. Gulledge, 257 Kan. 915, Syl. ¶ 3, 896 P.2d 378 (1995); State v. Durrant, 244 Kan. 522, 523, Syl. ¶ 13, 769 P.2d 1174, cert. denied 492 U.S. 923 (1989). My reading of the Kansas Drug Tax Act indicates that the legislature clearly allowed for a person in Pribble’s situation — a person possessing more than 28 grams of marijuana and more than 1 gram of methamphetamine without affixing appropriate drug tax stamps to either drug — to be convicted of two violations of K.S.A. 79-5208.
In State v. Schoonover, 281 Kan. 453, Syl. ¶ 15, 133 P.3d 48 (2006), we stated that two components must be met in order for convictions to be considered multiplicitous: “(1) Do the convictions arise from the same conduct? and (2) By statutory definition are there two offenses or only one?” I agree with my colleagues that Pribble’s drug-tax-stamp convictions arise from the same conduct. But I disagree with their construction of K.S.A. 79-5208.
Because Pribble’s convictions arose from a single statute, we apply the unit of prosecution test. Under this test, a court looks at “foe statutory definition of the crime” to determine “what the legislature intended as the allowable unit of prosecution. There can be only one conviction for each allowable unit of prosecution.” Schoonover, 281 Kan. at 497-98.
K.S.A. 79-5208 states:
“Any dealer violating [the Kansas Drug Tax Act] is subject to a penalty of 100% of tire tax in addition to the tax imposed by K.S.A. 79-5202 and amendments thereto. In addition to the taxpenalty imposed, a dealer distributing or possessing marijuana or controlled substances without affixing the appropriate stamps, labels or other indicia is guilty of a severity level 10 felony.” (Emphasis added.)
The term “dealer” is defined as
“any person who, in violation of Kansas law, manufactures, produces, ships, trans *841 ports or imports into Kansas or in any manner acquires or possesses more than 28 grams of marijuana, or more than one gram of any controlled substance, or 10 or more dosage units of any controlled substance which is not sold by weight.” (Emphasis added.) K.S.A. 2010 Supp. 79-5201(c).
“Controlled substance” is defined as
“any drug or substance, whether real or counterfeit, as defined by K.S.A. 2010 Supp. 2136a01, and amendments thereto, which is held, possessed, transported, transferred, sold or offered to be sold in violation of the laws of Kansas. Such term shall not include marijuana.” (Emphasis added.) K.S.A. 2010 Supp. 79-5201(b).
Methamphetamine is considered a controlled substance under K.S.A. 2010 Supp. 21-36a01(a). See K.S.A. 65-4107(d).
As we noted in State v. Gulledge, 257 Kan. 915, 918, 896 P.2d 378 (1995), “K.S.A. 79-5208 establishes criminal and civil penalties. A dealer violating the Act is subject to a civil penalty of 100 percent of the tax in addition to payment of the tax itself.” (Emphasis added.) K.S.A. 79-5202(a)(1) imposes a tax of $3.50 for each gram of marijuana a dealer possesses. Subsection (a)(4) imposes a tax of $200 for each gram of methamphetamine a dealer possesses. K.S.A. 79-5202(a)(4). The taxes owed under the act “are due and payable immediately upon acquisition or possession [of the drug or drugs at issue] in this state by a dealer.” K.S.A. 79-5204(d). Consistent with the civil nature of the taxes and penalties imposed under K.S.A. 79-5202 and K.S.A. 79-5208, the Department of Revenue, not a county or district attorney, is responsible for collecting any money owed under the Kansas Drug Tax Act. See K.S.A. 2010 Supp. 79-5205.
If a dealer pays the taxes on the marijuana or controlled substances in his or her possession, the dealer receives “stamps, labels or other indicia” from the Department of Revenue, indicating that the dealer paid the taxes imposed under K.S.A. 79-5202. See K.S.A. 79-5204(a) and (b). K.S.A. 79-5204(b) states that “[t]he director [of taxation] shall issue the stamps, labels or other indicia in denominations in multiples of $10.” Upon acquiring the stamps, a dealer is required to affix the appropriate number of stamps to the marijuana or controlled substances in his or her possession. See K.S.A. 79-5204(c).
Returning to the language of K.S.A. 79-5208, the criminal act *842 that the statute proscribes is a dealers failure to affix "the appropriate stamps, labels or other indicia” to marijuana or controlled substances, such as methamphetamine, in his or her possession. When the definition of a dealer is taken into consideration {i.e., a person possessing more than 28 grams of marijuana or more than 1 gram of any controlled substance) along with the definition of controlled substance (a term which includes methamphetamine but specifically excludes marijuana), it is clear that possession of more than 28 grams of marijuana without affixing the appropriate number of stamps constitutes one unit of prosecution and possession of more than 1 gram of controlled substances without affixing the appropriate number to stamps constitutes another unit of prosecution. In other words, possession of more than 28 grams of marijuana and possession of more than 1 gram of methamphetamine without affixing the appropriate number of stamps to either drug constitutes two violations of K.S.A. 79-5208.
Pribble s only argument on appeal for concluding otherwise is that the legislature, by using the plural terms “stamps, labels or other indicia” rather than singular terms “stamp, label, and indi-cium” within K.S.A. 79-5208 “expressed its intent that the failure to obtain and affix any number of stamps, labels, or other indicia constitutes only one violation of the statute. That statute explicitly states as much; such an individual is guilty of ⅛ severity level 10 felony,’ i.e., one severity level ten felony.”
Pribble is partially correct. The language of K.S.A. 79-5208 does indicate that a dealers failure to affix any number of “stamps, labels, or indicia” to a single drug, regardless of its quantity, results in only one violation of the statute. Therefore, regardless of whether a dealer possesses 29 or 290 grams of marijuana, if the dealer fails to affix the appropriate number of stamps to the marijuana in his or her possession, the dealer has committed only one violation of K.S.A. 79-5208. But as indicated above, if that same dealer also possesses more than 1 gram of a controlled substance (such as methamphetamine) without' affixing the appropriate number of stamps to the substance, that dealer can be charged and convicted of two violations of K.S.A. 79-5208.
In this case, while executing a search warrant, law enforcement *843 officers found more than 800 grams of marijuana and more than 14 grams of methamphetamine inside Pribble’s home — more than enough to qualify Pribble as a “dealer” of both drugs under K.S.A. 2010 Supp. 79-5201(c). Because he failed to affix tax stamps to either drug, the language of K.S.A. 79-5208 allows for him to be charged, convicted, and sentenced for two violations of the statute, a level 10 felony. Fortunately for Pribble, Steppenwolf’s offgrid sentence of — ”I’d cut him if he stands, and I’d shoot him if he’d run. Yes I’d kill him with my Bible and my razor and my gun” — was not embraced by our legislature when considering the appropriate sanction for violation of this law. Accordingly, I would affirm the Court of Appeals’ determination that Pribble’s tax stamp convictions are not multiplicitous and let stand his two convictions for violating K.S.A. 79-5208.